IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICIA B. MEIGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 3:13-cv-47-MEF |
| | )   (WO - Do Not Publish) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Federal Deposit Insurance Corporation's[1] ("FDIC") Motion to Stay Proceedings Pending Exhaustion of Mandatory Administrative Claims Process (Doc. #15), which was filed on May 13, 2013. In this Motion, the FDIC requests that the Court stay these proceedings, which involve claims by Plaintiff Patricia Meigs ("Plaintiff") against Frontier Bank under the Americans with Disabilities Act and the Family and Medical Leave Act, pending Plaintiff's exhaustion of the mandatory administrative claims remedies provided by 12 U.S.C. § 1821. (Doc. #15.)

The FDIC, as receiver for Frontier Bank, has implemented an administrative claims process to adjudicate claims against financial institutions, such as Frontier Bank, that are in receivership. The administrative claims process is authorized by 12 U.S.C. §§ 1821(d)(3)

---

[1] Frontier Bank was the original party-defendant in this action. (Doc. #1.) However, when the FDIC was appointed receiver for Frontier Bank on March 8, 2013, and filed its Notice of Substitution on May 10, 2013 (Doc. #14), the FDIC, in its capacity as receiver for Frontier Bank, became the proper party-defendant and will be reflected as such in the style of this action. (Doc. #17.)

through (13) and is mandatory. The FDIC has published noticed to all Frontier Bank creditors to file proof of their claims against Frontier Bank no later than June 12, 2013. (Doc. #16.) In addition, written notice has been sent to the Plaintiff notifying her of the requirement to file a proof of claim. (Doc. #16.) Thus, the FDIC contends that, as a matter of law, Plaintiff may not litigate or otherwise pursue her claims in this case unless and until she has first complied with and completed § 1821's mandatory administrative claims process, and that a stay of there proceedings is therefore required. (Doc. #16.)

Plaintiff does not dispute this contention. Indeed, in her Response to Defendant's Motion to Stay Pending Disposition of the FDIC's Administrative Decision (Doc. #20), Plaintiff does not oppose the FDIC's motion to stay or the grounds on which it rests, and concedes that a stay of these proceedings is warranted in light of the FDIC's administrative claims process. Accordingly, it is hereby ORDERED that the FDIC's Motion to Stay Proceedings Pending Exhaustion of Mandatory Administrative Claims Process (Doc. #15), without opposition, is GRANTED, and these proceedings are STAYED pending resolution of the administrative claim process.

It is further ORDERED that the parties shall file a jointly prepared report on the status of this case on or before June 14, 2013, and the parties shall thereafter file a jointly prepared report on the first Tuesday of every month until such time as Plaintiff notifies the Court of her intent to continue with this litigation following the conclusion of the administrative claim process, or until the parties jointly stipulate to a dismissal of this action. The jointly prepared report shall indicate the status of the administrative claim proceedings and the expected date

those proceedings will conclude.

Finally, it is ORDERED that Defendant Frontier Bank's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. #7) is DENIED, as Frontier Bank is no longer a party to this litigation; however, the FDIC is granted LEAVE TO REFILE such a motion if necessary following completion of the administrative claims process.

DONE this the 29th day of May, 2013.

                                                       /s/ Mark E. Fuller  
                                        UNITED STATES DISTRICT COURT